KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
MISHA D. IGRA, State Bar No. 208711
Supervising Deputy Attorney General
BYRON M. MILLER, State Bar No. 279762
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 323-2606
  Fax:  (916) 324-5205
  E-mail:  Byron.Miller@doj.ca.gov
*Attorneys for Defendants*
*Gipson and Davey*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **OSCAR VIDRIO,**<br><br>Plaintiff,<br><br>v.<br><br>**C. GIPSON, et al.,**<br><br>Defendants. | 1:16-cv-00021 SKO<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Judge:      Hon. Sheila K. Oberto<br>Action Filed:  January 6, 2016 |

The parties submit the following stipulation and proposed protective order for the Court's consideration.

### STIPULATION AND PROTECTIVE ORDER

**A.  The Confidential Material Subject to this Protective Order.**

The following Confidential Material, responsive to Plaintiff's first set of requests for production, Nos. 1, 6, 9, and 11, is the subject of this protective order:

- Confidential Prisoner Transport Procedures, DOM 55060 Supplement, January 2013; and

- Confidential portion of Plaintiff Oscar Vidrio's Central File.

1

**B.  CDCR Treats the Confidential Material as Confidential.**

The California Department of Corrections and Rehabilitation ("CDCR") treats the Confidential Prisoner Transport Procedures as confidential under California Code of Regulations, Title 15, Section 3321(a)(1) and (a)(2), and as protected official-information because the institutional security and the safety of persons at CDCR prisons across the state could be endangered if the document is disclosed.  Therefore, the documents may not be provided to Plaintiff, a parolee, under Title 15, section 3450(d) of the California Code of Regulations. Government Code section 6254(f) also precludes the disclosure of security procedures of corrections agencies to the public.

Further, CDCR treats the confidential portion of Plaintiff's Central File as confidential because disclosure of nonparty inmates' identifying information (including, but not limited to, names, CDCR numbers, and assigned cell numbers) would violate those inmates' right to privacy under California law.  *See* Cal. Civil. Code § 1798.24.  The documents are also considered confidential and official-information privileged because the disclosure of inmates' identifying information presents security concerns, as inmates sometimes use such information to locate, identify, or retaliate against other inmate or parolees.  Cal. Code Regs. tit. 15, §§ 3321(a)(1), 3321(a)(2), 3450(d).  Therefore, the document may not be provided to Plaintiff, a parolee, under Title 15, section 3450(d) of the California Code of Regulations.

**C.  The Parties' Stipulation.**

Counsel for Defendants will produce the Confidential Material described above, subject to the notice requirements of California Civil Code Section 1798.24 and this protective order.

The Parties stipulate:

1.  Defendants shall conspicuously mark the Confidential Material: "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER [ATTORNEYS' EYES ONLY]"

2.  The Confidential Material may be disclosed only to Plaintiff's attorneys, CDCR staff, the Defendants in this action, and Defendants' attorneys.  Plaintiff's counsel may only disclose the Confidential Material to a person retained as an expert witness or consultant to whom

disclosure is reasonably necessary for this litigation and who agrees to be bound by this Stipulation and Protective Order by completing Exhibit A.

3.   The Confidential Material shall not be disclosed to Plaintiff, members of Plaintiff's family, friends, or associates, or to any inmate or parolee, or to the public.

4.   The Confidential Material shall not be disclosed except as is necessary in connection with *this* litigation, including appeals, and not for any other purpose, or any other litigation.

5.   To the extent the Confidential Material is filed with the Court, it will be filed and maintained under seal.  The parties are referred to Local Rule 141 regarding the filing of documents under seal.

6.   Plaintiff's counsel shall destroy all copies of the Confidential Material—or return them to the attorney for Defendants—within five days of the time it is no longer needed for purposes of this litigation.

7.   If the attorney-client relationship with Plaintiff and his counsel ends, Plaintiff's counsel shall destroy all copies of the Confidential Material—or return them to the attorney for Defendants— within five days of that time.

8.   Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to the Confidential Material in the normal course of their official duties.

9.   The provisions of this protective order are without prejudice to the right of any party:  (a) to apply to the Court for a further protective order relating to the Confidential Material or any other confidential material relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation; or (c) to object to a discovery request.

10. Violation of this order may result in sanctions up to and including dismissal of this case, at the discretion of the Court.

The provisions of this order shall remain in full force and effect until further order of this Court or upon termination of this action either by verdict or settlement.

/ / /

3

1    It is so stipulated.

2

3    /s/ Peter M. Williamson
     Peter M. Williamson,
4    Counsel for Plaintiff Oscar Vidrio

5

6    /s/ Byron M. Miller
     Byron M. Miller,
7    Counsel for Defendants
     Gipson and Davey
8

9

10

11                                    **ORDER**

12

13   IT IS SO ORDERED.

14
     Dated:   **October 11, 2016**              /s/ *Sheila K. Oberto*
15                                          UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____[date] in the case of *Vidrio v. Gipson, et. al.*, United States Eastern District Court Case No. 1:16-cv-00021 SKO. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date:                                                    _____

City and State where sworn and signed:   _____

Printed name:                                      _____
                                                          [printed name]

Signature:                                         _____
                                                          [signature]



SA2016101771

5