# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR VIDRIO, | Case No. 1:16-cv-00021-SKO |
| Plaintiff, | **ORDER DISMISSING CASE WITH PREJUDICE** |
| v. | **(Doc. 43)** |
| WARDEN CONNIE GIPSON, et al., | |
| Defendants. | |

On March 8, 2017, the Court entered an order instructing Plaintiff to file a statement showing cause as to why the Court should not dismiss this case (the "Order to Show Cause"). (Doc. 43 at 2.) To date, Plaintiff has not responded to the Order to Show Cause. Accordingly, for the reasons provided herein, the Court DISMISSES this case WITH PREJUDICE.

## I. BACKGROUND

This action arises out of Defendants' alleged failure to render medical care to Plaintiff, an inmate. Plaintiff, who was represented by counsel, filed his first complaint on January 6, 2016. (Doc. 1.) On May 12, 2016, Plaintiff filed the currently operative First Amended Complaint for Damages (the "Complaint"). (Doc. 17.) The Complaint includes a single claim against all Defendants under 42 U.S.C. § 1983 for failure to render medical care. (*See id.* ¶¶ 30–34.)

On December 13, 2016, Plaintiff's attorney filed a Motion to Withdraw as Plaintiff's Counsel of Record Without Substitution (the "Motion to Withdraw"). (Doc. 29.) Plaintiff's

counsel filed a declaration in support of the Motion to Withdraw in which he stated that he confirmed Plaintiff's current address in a conversation with Plaintiff's sister.  (Doc. 39 ¶ 2.)  Plaintiff's counsel also stated that he sent copies of the Motion to Withdraw to Plaintiff at his current address.  (*Id.* ¶¶ 4–5.)

The Court held a hearing regarding the Motion to Withdraw on February 15, 2017.  (Doc. 40.)  During this hearing, Defendants "represented . . . that Plaintiff has not provided the requisite discovery by the deadlines provided in the [s]cheduling [o]rder for this case."  (Doc. 41.)

By its order entered on February 16, 2017, the Court granted the Motion to Withdraw.  (*Id.*)  The Court also stated the following:

> [T]he Court ORDERS Plaintiff to retain counsel, if he so chooses, by no later than March 1, 2017.  The Court further ORDERS that, if Plaintiff wishes to continue litigating this case, then by no later than March 3, 2017, (1) Plaintiff's new counsel shall notice their appearance on behalf of Plaintiff on the docket for this case; or (2) Plaintiff shall file a notice on the docket for this case that he will proceed to litigate this case *pro se*.  The Court CAUTIONS Plaintiff that, if counsel does not notice an appearance on behalf of Plaintiff or Plaintiff does not notify the Court of his intent to proceed *pro se* by March 3, 2017, then the Court shall enter an order to show cause as to why this case should not be dismissed.

(*Id.*)  The Court directed the Clerk to send a copy of this order to Plaintiff at his current address, as identified by Plaintiff's former counsel.  (*Id.*)

The Court entered the Order to Show Cause on March 8, 2017.  (Doc. 43.)  In the Order to Show Cause, the Court noted that, "[t]o date, no counsel has noticed an appearance on behalf of Plaintiff and Plaintiff has not filed notice on the docket for this case that he will proceed to litigate this case *pro se*."  (*Id.* at 2.)  The Court therefore ordered "that, by no later than March 27, 2017, Plaintiff shall file a statement showing cause why the Court should not dismiss this action."  (*Id.*)  The Court also warned "Plaintiff that, if he fails to file this statement by March 27, 2017, the Court will dismiss this case, in its entirety."  (*Id.*)  Finally, the Court directed the Clerk to send a copy of the Order to Show Cause to Plaintiff at his current address.  (*Id.*)

There is no indication on the docket for this case that Plaintiff did not receive either the Order to Show Cause or the Court's February 16, 2017 order.  Nonetheless, to date, Plaintiff has

not filed a statement showing cause why the Court should not dismiss this action. Indeed, Plaintiff has not filed any response, whatsoever, to the Order to Show Cause. As such, the determination of whether to dismiss this case is now before the Court.

## II. LEGAL STANDARD

Local Rule 110 provides that the "[f]ailure of counsel or of a party to comply with these [Local] Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." "District courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961)). "Dismissal . . . is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Id.* (citations omitted). Nonetheless, courts have found that dismissal with prejudice is warranted where a party fails "to prosecute an action," "obey a court order," or "comply with local rules." *Tolle v. Portfolio Recovery Assocs. LLC*, Case No. 1:15-cv-01797-LJO-SKO, 2017 WL 1079786, at *1 (E.D. Cal. Mar. 21, 2017) (collecting cases).

The Ninth Circuit has stated that "[c]ourts are to weigh" the following "five factors in deciding whether to dismiss a case for failure to comply with a court order": (1) "the public's interest in expeditious resolution of litigation;" (2) "the court's need to manage its docket;" (3) "the risk of prejudice to the defendants;" (4) "the public policy favoring disposition of cases on their merits;" and (5) "the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *Id.* (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). "The appropriateness of a sanction is within the discretion of the [c]ourt." *Raygoza v. City of Fresno*, 297 F.R.D. 603, 606 (E.D. Cal. 2014).

## III. DISCUSSION

The Court shall address each pertinent factor in determining whether to dismiss this action. For the reasons that follow, the Court finds that dismissal is appropriate.

### A. First and Second Factors—Public's Interest in Expeditious Resolution and the Court's Need to Manage its Docket

The first two factors of this analysis clearly favor dismissal. In particular, Plaintiff's failure to respond to the Order to Show Cause has hindered the public's interest in the expeditious resolution of this matter—which has been pending before the Court for over a year, (*see* Doc. 1)—by stalling this litigation at the discovery phase, *see, e.g.*, *Gonzales v. Mills*, No. 1:09–cv–1549 AWI DLB, 2011 WL 976713, at *5 (E.D. Cal. Mar. 16, 2011) (finding that "[t]he public's interest in expeditious resolution of litigation favor[ed] dismissal" where the "case ha[d] been pending for over a year and a half, yet it [was] apparent that the case [was] not ready for trial"); *cf. Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). Additionally, Plaintiff's failure to respond to the Order to Show Cause and his failure to demonstrate any interest in prosecuting this matter has severely limited the likelihood of any merits-based resolution of this matter and needlessly clogged the Court's docket. *See, e.g.*, *Gonzales*, 2011 WL 976713, at *5 (noting that courts in this District carry "overly congested" dockets "and stalled cases due to a lack of prosecution aggravate the situation"); *cf. Armstrong v. Spearman*, No. 1:13–cv–00246–AWI–SAB (PC), 2015 WL 5021664, at *2 (E.D. Cal. Aug. 21, 2015) ("[T]he Eastern District of California is one of the busiest federal jurisdictions in the United States and its District Judges carry the heaviest caseloads in the nation, [so] the [c]ourt's interest in managing its docket weighs in favor of terminating the action."). The Court therefore finds that the first two factors weigh in favor of dismissal.

### B. Third Factor—Risk of Prejudice

Turning to the third factor—the risk of prejudice to the defendants—the Ninth Circuit noted that "[a] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re Phenylpropanolamine*, 460 F.3d at 1227 (citations omitted). "The law . . . presumes prejudice from unreasonable delay," *id.* (citation omitted), as "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). "However, this presumption of prejudice is a rebuttable one

and if there is a showing that no actual prejudice occurred, that factor should be considered . . . ." *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994) (citation omitted). "The district court's finding of prejudice" shall be accorded "substantial deference because the district court is in the best position to assess prejudice." *In re Phenylpropanolamine*, 460 F.3d at 1228 (citation omitted).

In the present matter, the prejudice factor weighs in favor of a dispositive sanction for two distinct reasons. First, Plaintiff has failed to respond to the Order to Show Cause, or otherwise demonstrate any intent to prosecute this action. Indeed, Defendants represent—and Plaintiff does not contest—that Plaintiff has failed to provide the requisite discovery by the deadlines provided in the scheduling order for this case. (Doc. 41.) As such, Plaintiff's failure to respond to the Order to Show Cause and his failure to demonstrate any interest in prosecuting this case has prejudiced Defendants by infringing their ability to prepare and execute their defenses, or make litigation decisions that are informed by Plaintiff's discovery responses. *See, e.g.*, *Armstrong v. Spearman*, No. 1:13–cv–00246–AWI–SAB (PC), 2015 WL 5021664, at *2 (E.D. Cal. Aug. 21, 2015) ("The failure to obtain discovery information significantly impairs the [d]efendants' ability to go to trial . . . and to make rightful and informed decisions as to whether . . . defense[s] should be explored.").

Second, Plaintiff's failure to respond to the Order to Show Cause has needlessly stalled this litigation, thereby creating a presumption of prejudice. *See, e.g.*, *In re Phenylpropanolamine*, 460 F.3d at 1227 ("The law . . . presumes prejudice from unreasonable delay." (citations omitted)). For each of these separate reasons, the Court finds that the third factor weighs in favor of a dispositive sanction.

**C.      Fourth Factor—Public Policy in Favor of Disposing of Cases on the Merits**

As to the fourth factor, there is, of course, a "strong public policy favoring disposition of cases on their merits." *In re Sucato*, 152 F.3d 929, at *1 (9th Cir. 1998); *see, e.g.*, *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible." (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985))). As a terminating sanction does not dispose of an action on its merits, this factor "cuts against case-dispositive sanctions." *Valley Eng'rs Inc.*, 158 F.3d at 1057 (citation omitted).

Nonetheless, the Ninth Circuit has noted that "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Consequently, this fourth "factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (citations omitted).

Here, Plaintiff's failure to respond to the Order to Show Cause has stalled this litigation and made it a remote possibility, at best, that this matter will reach any conclusion based on the merits. As such, the fourth factor is entitled to little weight in this analysis, *see, e.g.*, *id.*, and a dispositive sanction is appropriate if the remaining factors weigh in favor of dismissal, *see, e.g.*, *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960–61 (9th Cir. 2006) (stating that "the public policy favoring disposition of cases on their merits, . . . standing alone, is not sufficient to outweigh the other four factors" (citation omitted)); *cf. Winters v. Jordan*, No. 2:09–cv–0522–JAM–KJN PS, 2013 WL 5780819, at *10 (E.D. Cal. Oct. 25, 2013) ("Dismissal is proper 'where at least four factors support dismissal or where at least three factors strongly support dismissal.'" (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998))).

**D.  Fifth Factor—Availability of Lesser Sanctions**

Regarding the fifth factor—the availability of less drastic sanctions—the Ninth Circuit stated that "[t]he district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131–32 (9th Cir. 1987) (quoting *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986)). This final factor includes the following three "sub-parts": (1) "whether the court has considered lesser sanctions;" (2) whether the court "tried" lesser sanctions; and (3) "whether [the court] warned the recalcitrant party about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (citing *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). "While helpful and encouraged, explicit discussion of alternatives is not necessary for a dismissal order to be upheld." *In re Phenylpropanolamine*, 460 F.3d at 1229 (citing *Malone*,

833 F.2d at 132). Further, "[w]arning that failure to obey a court order will result in dismissal can itself meet the consideration of alternatives requirement." *Id.* (citations omitted); *see, e.g.*, *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001) (stating that "explicit discussion by the district court of the feasibility of alternatives when ordering dismissal . . . would be superfluous or unnecessary" under some "circumstances," such as where the court warns "a party that a future failure to obey a court order will result in" termination of the case).

In the present matter, Plaintiff received sufficient warning regarding the impending imposition of a dispositive sanction. In particular, in its order entered on February 16, 2017, the Court cautioned Plaintiff that "if counsel does not notice an appearance on behalf of Plaintiff or Plaintiff does not notify the Court of his intent to proceed *pro se* by March 3, 2017, then the Court shall enter an order to show cause as to why this case should not be dismissed." (Doc. 41.) When Plaintiff did not respond to this order, the Court entered the Order to Show Cause. (Doc. 43.) In the Order to Show Cause, the Court explicitly warned Plaintiff that, if he failed to file "a statement showing cause why the Court should not dismiss this action" by "March 27, 2017, the Court will dismiss this case, in its entirety." (*Id.* at 2.)

As such, Plaintiff was given ample warning of the severe and dispositive consequences of a failure to respond to the Order to Show Cause. Nonetheless, Plaintiff failed to respond in any way to the Order to Show Cause, which itself is sufficient to satisfy the fifth factor. *See, e.g.*, *In re Phenylpropanolamine*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the consideration of alternatives requirement." (citations omitted)). The Court therefore finds that the factor pertaining to the consideration of lesser sanctions weighs in favor of a dispositive sanction.

In summary, the vast majority of the pertinent factors weigh heavily in favor of the imposition of a dispositive sanction. While the public policy in favor of merits-based resolutions weighs against a dispositive sanction, to some extent, this factor is readily outweighed by the remaining factors. *See, e.g.*, *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960–61 (9th Cir. 2006) (stating that "the public policy favoring disposition of cases on their merits, . . . standing alone, is not sufficient to outweigh the other four factors" (citation omitted)); *Winters v. Jordan*, No. 2:09–

cv–0522–JAM–KJN PS, 2013 WL 5780819, at *10 (E.D. Cal. Oct. 25, 2013) ("Dismissal is proper 'where at least four factors support dismissal or where at least three factors strongly support dismissal.'" (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998))). The Court therefore finds that dismissal of this case is warranted.

### IV. CONCLUSION

For the foregoing reasons, the Court DISMISSES this case WITH PREJUDICE.

The Court DIRECTS the Clerk to send a copy of this order to Plaintiff at the address previously provided by his former counsel: 727 East 25th Street, Los Angeles, CA 90011.

IT IS SO ORDERED.

Dated: **April 21, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE